**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

SHANE SKINNER and SAMANTHA SKINNER,

        Plaintiffs,

vs.

ARCH INSURANCE COMPANY,

        Defendant.

Case No. 24-cv-00003

---

## SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiffs Shane Skinner and Samantha Skinner ("Plaintiffs" or "Class Representatives"), file this Class Action Complaint against Defendant ARCH Insurance Company ("ARCH" or "Defendant"), and allege:

### JURISDICTION and VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1332, based on the filings of the Defendant.

2. Venue in this Court is appropriate pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (2005) ("CAFA"), codified in various sections of Title 28 of the United States Code, including 28 U.S.C. §§ 1332(d) and 1453, based on the filings of the Defendant.

3. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

1

Case 2:24-cv-00003-JPS   Filed 01/10/24   Page 1 of 10   Document 1

## INTRODUCTION

4. This class action seeks injunctive and monetary relief to redress the unlawful travel insurance denial practices of ARCH.

5. The practices of ARCH affect hundreds or perhaps thousands of travel insurance customers. As more particularly described below, ARCH denied the Plaintiffs and other similarly situated consumers, proper coverage and reimbursement of their claims.

6. Southwest Airlines completely ceased operations as a result of a winter storm in late December of 2022 as set forth in the attached Southwest document; however, ARCH has refused to pay trip cancellation travel benefits to Southwest ticket holders with canceled flights because, according to ARCH only, the Southwest flight cancellations were not caused by inclement weather.

## PARTIES

7. Plaintiff Shane Skinner ("Plaintiff" or "Mr. Skinner") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

8. Plaintiff Samantha Skinner ("Plaintiff" or "Mrs. Skinner") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

9. Defendant ARCH Insurance Company ("ARCH" or "Defendant") is a business, with a principal office located at Harborside 3, 210 Hudson Street, Suite 300, Jersey City, NJ 07311. Defendant's registered agent is Corporation Service Company, 33 E. Main Street, Suite 610, Madison, WI 53703.

## FACTUAL ALLEGATIONS

10. In June of 2022, the Plaintiffs booked a holiday trip to Disney World, in Florida.

11. "In the final weeks of 2022, many travelers' holiday plans were disrupted by a winter storm that halted airline travel across the nation." Statement by Southwest Airlines, attached as Exhibit A.

12. Plaintiffs were impacted by this storm and their flights were cancelled.

13. Plaintiffs had purchased travel insurance from Defendant to prevent the economic impact of this issue: flight disruptions due to a winter storm.

14. Plaintiffs contacted Defendant and filed a claim for reimbursement.

15. Defendant has steadfastly denied the claim on the basis that the delays were not the result of inclement weather.

16. Defendant made said denials despite Southwest Airline's own public statements that these delays were in fact caused by inclement weather.

17. Defendant has denied the claims of all travel insurance customers that filed a claim for reimbursement due to the Southwest inclement weather disruption identified above.

## CLASS REPRESENTATION ALLEGATIONS

### *Statement of Maintainable Class Claims*

18. Pursuant to Wis. Stats. §803.08 and Fed. R. Civ. P. 23, this is a case maintainable on a class-wide basis and the Class Representatives bring this action on behalf of themselves and of a class of all other persons similarly situated, to remedy the ongoing unfair, unlawful, and/or deceptive business practices alleged herein, and seeks redress on behalf of all those persons who have been harmed thereby.

### *Allegations of Numerosity*

19. Upon information and belief, Class Representatives believe more than 40 customers were affected by the unlawful activity of Defendant during the applicable statute of limitations.

20. The prospective class numbers are so numerous that joinder of all members would be impractical. The exact size of the proposed classes and the identity of the members thereof are readily ascertainable from Defendant's business records.

### *Identification of Common Questions of Law or Fact*

21. Pursuant to Wis. Stats. §803.08(1) and Fed. R. Civ. P. 23, there are questions of law and fact common to the Class, which common issues predominate over any issues involving owing individual class members.

22. The factual question common to the Class Representative and each class member is relates to the denial of coverage by Defendant due to Winter Storm Elliott.

23. Pursuant to Wis. Stats. §803.08 and Fed. R. Civ. P. 23, the principal legal questions common to the Class Representatives and to each member of the Class relate to the denial of travel insurance coverage.

### *Allegations of Typicality*

24. Pursuant to Wis. Stats. §803.08 (1)(c) and Fed. R. Civ. P. 23, the Class Representatives' claims are typical of those of the classes they seek to represent in that the Class Representatives were denied travel insurance coverage. As such, the claims of the Class Representatives are identical to that of the class members. Plaintiffs reserve the right to modify the Class, add subclasses, and modify the class period as discovery is conducted.

### *Definition of Class*

25. Pursuant to Wis. Stats. §803.08 and Fed. R. Civ. P. 23, the class is defined as:

> *All persons who, a) who purchased travel insurance from Defendant, b) had their travel plans adversely impacted by Winter Storm Elliott, c) filed*

> *a claim for reimbursement from Defendant, and d) were denied coverage by Defendant, within the one year preceding this case through the date of class certification, e) and who have not filed for relief under the United States Bankruptcy Code.*

### *Adequacy of Class Representative*

26. Pursuant to Wis. Stats. §803.08 (1)(d) and Fed. R. Civ. P. 23, the Class Representatives will fairly and adequately protect and represent the interest of each class member. The Class Representatives have retained counsel with experience in handling class actions in federal and state court.

27. Counsel for the Class Representatives has no conflicts of interest which would interfere with his ability to represent the interests of the class members.

### *Appropriateness of Class Treatment*

28. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual class members against Defendant.

29. Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against Defendant will not be prejudiced by this action. Each member of the proposed classes will be identified through discovery from Defendant and will be notified and given an opportunity to opt out of their respective class(es).

30. The Class Representative does not presently know the nature and extent of any pending litigation to which a member of the proposed classes is a party and in which any question of law or fact controverted in the present action is to be adjudicated. The Class Representative will identify any such pending litigation by discovery from Defendant.

31. This Court is an appropriate forum for the present action in that Defendant entered into a contract with Plaintiffs in this county and Defendant does business in this county.

32. Certification of a class under Wis. Stats. §803.08(2)(b) and Fed. R. Civ. P. 23 is appropriate as Defendant has acted on grounds generally applicable to the Class with respect to the activity described above thereby making appropriate equitable relief with respect to the Class as a whole. Unless restrained from such activities, Defendant will continue to unlawfully harm the interests of the Class Representatives and the class for which no adequate remedy at law exists.

33. Certification of a class under Wis. Stats. §803.08(2)(c) and Fed. R. Civ. P. 23 is also appropriate in that:

>  (a) The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and
>
> (b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. The Class Representatives request certification of a class for monetary damages and declaratory relief under Wis. Stats 803.08(2)(c), and Fed. R. Civ. P. 23, and

35. There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

36. The Class Representatives' counsel is entitled to a reasonable fee from the class members or from a common fund for the prosecution of this action.

## FIRST CAUSE OF ACTION – BREACH OF CONTRACT

37. Plaintiffs re-allege the above paragraphs as if fully set forth herein.

38. The policy was and is a valid and binding contract between the parties. The Skinners and the putative class have substantially complied with all policy terms and conditions with respect to the underlying insurance claim.

39. Despite their cooperation and compliance, Defendant and/or its authorized agents have breached the policy by failing to, among other things:

    a. Properly and timely adjust the claim;

    b. Conduct a diligent investigation;

    c. Relay accurate information concerning the terms and conditions of the policy;

    d. Issue timely payment of the underlying insurance claim in an appropriate amount to cover the losses claimed;

    e. Assist the Skinners and putative classes' efforts to obtain timely payment of the underlying insurance claim;

    f. Acknowledge and indemnify the Skinners and the putative class for all damage arising out of the covered loss described above;

    g. Cure its breach of the policy despite the Skinners' and putative classes demands; and

    h. Any other acts or omissions to be shown at trial on the merits.

40. As a direct and proximate result of Defendants breach(es) of the policy and Wisconsin laws governing the insurance industry, the Skinners and putative class have suffered

and will continue to suffer damages, including, but not limited to, those described in this complaint. Plaintiff seeks its actual damages and losses, along with reasonable attorney's fees and costs for this claim.

## SECOND CAUSE OF ACTION – BAD FAITH

41. Plaintiffs re-allege the above paragraphs as if fully set forth herein.

42. By virtue of the policy issued by Defendants to the Plaintiffs and putative class, Defendant owed certain express and implied duties to the Plaintiffs and putative class, including, but not limited to:

    a. A duty of good faith and fair dealing;

    b. A duty to act in the insured's best interests;

    c. A duty to promptly acknowledge communications with respect to claims;

    d. A duty to promptly perform claim investigation services;

    e. A duty to provide necessary information and instructions to the insured for compliance and submission of claims;

    f. A duty to attempt in good faith to effectuate a fair and equitable settlement of claims;

    g. A duty to provide prompt and reasonable explanation of the basis in the policy or applicable law for any delay or denial of benefits;

    h. A duty to refrain from requiring the insured to initiate a lawsuit to recover amounts due and owing under the policy;

    i. A duty to promptly pay any undisputed or irrefutable loss in a timely fashion; and

    j. A duty to promptly represent the terms and conditions of the policy.

43. Defendant and/or its authorized agents breached the terms and conditions of the policy and duties owed to the Plaintiffs and putative class by failing or refusing to acknowledge the covered loss and make payments for those damages in a timely fashion.

44. Defendant has breached the implied covenant of good faith and fair dealing by, among other things, intentionally or recklessly disregarding evidence to support the underlying insurance claim and resolving uncertainties against its insureds in order to deny coverage.

45. Defendant failed to proceed on the Plaintiffs' and putative classes subject insurance claim in a manner that is honest and informed and has acted in bad faith.

46. As a direct and proximate result of Defendants' bad faith, the Plaintiffs and putative class are entitled to recover all losses due and owing under the policy, all other compensatory and pecuniary losses, attorney fees and costs, and punitive damages, all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

A. For an order certifying this claim as a class action, with the Plaintiff's as class representatives and the undersigned as class counsel;

B. For payment of any unpaid portion of the claim as a result of damage as described in this complaint;

C. Declaratory relief related to the insurance policy coverage;

D. For all other damages sustained by Plaintiffs as a result of Defendant's breach of the insurance policy;

E. For all other contractual or other benefits due and owing under the policy;

F. For litigation and investigation costs, including reasonable attorney fees;

G. For punitive damages; and

H. For all other relief this Court deems just and proper, including the costs and disbursements of this proceeding.

## DEMAND FOR JURY TRIAL

Plaintiffs Shane Skinner and Samantha Skinner, demand a trial by jury of all issues so triable.

Dated: January 10, 2024.

        DeLadurantey Law Office, LLC

        By: */s/Nathan E. DeLadurantey*
        Attorney I.D.#1063937
        330 S. Executive Drive, Suite 109
        Brookfield, Wisconsin 53005
        Telephone: (414) 377-0515
        Nathan@dela-law.com
        *Attorney for the Plaintiffs*